# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD WATERHOUSE, | ) | CASE NO.  5:22-cv-2074 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| AKRON POLICE DEPT., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Richard Waterhouse ("Waterhouse" or "plaintiff") filed this action against the Akron Police Department, the Summit County Prosecutor's Office, and Northcoast Behavioral Healthcare (Doc. No. 1). For the following reasons, this action is dismissed.

## I. Background

On November 17, 2022, Waterhouse filed a complaint containing very few facts. As best the Court can discern, it appears that Waterhouse was stopped by Akron police officers on June 9, 2021, while driving in his vehicle. In a conclusory fashion, plaintiff alleges that he was "unreasonably seized" and his vehicle was "unreasonably searched." He further claims that his vehicle and the trade tools located within the vehicle were "unlawfully handed off" to the defendants. (*Id.* at 6). Waterhouse also alleges that he has been unlawfully detained in Northcoast Behavioral Healthcare for 17 months. (*Id.*).

Plaintiff seeks $15,000 for the loss of his personal property, including his vehicle and his tools, $385,000 for the "loss of personal constitutional security," and $2.6 million dollars for the alleged loss of his liberty. (*Id.* at 7).

## II. Discussion

### A. Standard of Review

Waterhouse has filed a motion to proceed *in forma pauperis* (Doc. No. 2). The motion is granted.

Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id*. at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.

Ct. 2932, 92 L. Ed. 2d 209 (1986). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Additionally, the allegations must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

## B. Analysis

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972). This generous construction, however, has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or unpleaded facts on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Here, even accorded the deference to which a *pro se* pleading is entitled, Waterhouse fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to include any factual allegations. Rather, Waterhouse's complaint is composed entirely of conclusory, "the-defendant-unlawfully-harmed-me" accusations. These allegations are insufficient to provide the defendants with fair notice of his claims. Accordingly, plaintiff's

complaint fails to satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and dismissal is appropriate on this basis.

Even if this action were not subject to dismissal as noted above, this Court cannot intervene in Waterhouse's pending criminal matter. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances that are not present here. *See Younger v. Harris*, 401 U.S. 37, 44–45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Abstention is therefore appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Concerning the final factor, the plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his or her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.

Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present here. According to the Summit County Court of Common Pleas docket, Waterhouse's criminal proceedings are still pending. *See State v. Waterhouse*, Summit County, Case No. CR-2021-10-3658. Criminal proceedings implicate important state interests. *See Leveye*, 73 F. App'x at 794 (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401 U.S. at 43–45). Finally, there has been no showing that the claims asserted by plaintiff in this federal action are barred in the state action. The requirements of *Younger* are therefore satisfied, and the Court must abstain from interfering in plaintiff's pending state action.

Further to the extent Waterhouse is seeking release from imprisonment, his complaint fails to state a cognizable claim. The Supreme Court has clearly held that "[w]hen a state prisoner challenges the very fact or duration of his physical imprisonment and by way of relief seeks . . . immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus," which plaintiff has not properly sought here. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

### III. Conclusion

For the foregoing reasons, this action is dismissed. Waterhouse's motion to proceed *in forma pauperis* (Doc. No. 2) is granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


**IT IS SO ORDERED**.


Dated: February 13, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**